UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Xin Tao,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Ryan Murphy, et al.,<br><br>　　　　　　Defendant(s). | 2:25-cv-00149-JAD-MDC<br><br>**ORDER** |

Pending before the Court is plaintiff's *Motion for Extension of Time and Alternative Service* ("Motion") (ECF No. 25). For the reasons stated below the Court **GRANTS** the Motion in part and **DENIES** the Motion in part.

## DISCUSSION

**I.  BACKGROUND**

This is a case arising from an alleged breach in rental agreement. Plaintiff alleges that Murphy rented out the property at issue through Airbnb as a short-term rental, which was in violation of the lease.

Plaintiff filed this action in the Eighth Judicial District Court, Clark County, Nevada on December 1, 2024. Defendant Airbnb removed this action to federal court in the United States District Court for the District of Nevada on January 23, 2025. On April 24, 2025, plaintiff filed a *Motion for Service by Publication or Alternative Means* (ECF No. 21). On May 5, 2025, the Court denied the Motion because plaintiff failed to show good cause and excusable neglect. *See ECF No. 24*. The Court also denied the Motion because plaintiff failed to show that service by email or publication is reasonably calculated to give defendant Ryan Murphy ("Murphy" or "defendant") notice of the action. *Id.* The Court allowed plaintiff to refile his Motion, addressing the deficiencies. *Id.* On May 12, 2025, plaintiff refiled his Motion. *ECF No. 25*. Plaintiff now seeks service by email and certified mail.

//

## II. LEGAL STANDARD

### A. Time for Service

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the… [90]—day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that… [90]—day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed… [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Rule 6(b)(1)(B) provides that a party that files an extension motion after deadline to act must show that she failed to act prior to the deadline "because of excusable neglect." *Id.*; *see also Williams v. Cnty. of Los Angeles*, 2024 U.S. App. LEXIS 13767, at * 2 (9th Cir. 2024) ("Under Rule 4(m) a district court…may discretionarily extend time for service upon a showing of excusable neglect.") (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)).

### B. Method of Service

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Rule 4.4 of the Nevada Rules of Civil Procedure governs methods of alternative service. It provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method.
> (2) A motion seeking an order for alternative service must:
>     (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating:
>         (i) the due diligence that was undertaken to locate and serve the defendant; and
>         (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and
>     (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2).

The Ninth Circuit and the Nevada Rules of Civil Procedure permit service to be completed through email and certified mail. *See Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (holding that service by email is permitted when it is "reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections."); *Nev. R. Civ. P. 4.4(d)* ("In addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail …email… or any other method of communication.").

# III. ANALYSIS

## A. EXTENSION OF TIME

### a. Good Cause

Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). Here, the Court finds that plaintiff has been diligent in attempting to serve Murphy. Plaintiff has been attempting to serve Murphy at several of his last known locations since the inception of this case and has only failed due to an inability to locate him. *ECF No. 25-1- 25-4*. Therefore, the Court finds that good cause has been established.

### b. Excusable Neglect

To determine whether excusable neglect has been established, the court looks to four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Lemoge,* 587 F.3d at 1198.

**Prejudice and Length of Delay.** The Court discusses the first two factors in tandem. While there is a presumption of injury to defendants arises when plaintiffs unreasonably delay in prosecuting an action, s*ee Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976), the Court finds that the delay is not so great as to amount to unreasonably delay. Here, plaintiff missed the deadline to complete service by one day. Therefore, the Court finds that plaintiff did not unreasonably delay in seeking an extension of time after the expiration of the Rule 4(m) deadline. Furthermore, plaintiff's exhibit at *ECF No. 25-3* shows that Murphy is aware of the action, therefore, the prejudice in extending the deadline for service is minimum.

**Reason for Delay**. Plaintiff's reason for delay weighs in favor of finding excusable neglect. Plaintiff asserts that the reason for the missed deadline was due not wanting to incur extra costs and due

to a calendaring error. *Id.* "Recent Ninth Circuit case law holds a calendaring error, whether the result of carelessness, negligence or falling within the meaning of excusable neglect is sufficient to warrant an extension under the circumstances explained here." *Williams v. Experian Info. Sols., Inc.,* 2025 U.S. Dist. LEXIS 57150, at *1-2 (D. Nev. March 26, 2025) (citing *Pincay v. Andrews*, 389 F.3d 853, 858-60 (9th Cir. 2004)). Therefore, the Court finds plaintiff has sufficiently explained his failure to effect service and move for an extension.

**Whether Movant Acted in Good Faith.**  The Court does not find any evidence of bad faith.

### B. ALTERNATIVE SERVICE

Plaintiff seeks to serve Murphy through email or certified mail. However, the Court finds that based on plaintiff's motion and declaration, he has not shown "service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable." Nev. R. Civ. P. 4.4(b)(1). Plaintiff has stated that he has reviewed information provided by defendant Murphy and has since located a "Temecula, CA address [where] service could be attempted." ECF No. 25 at 2. Plaintiff also stated that "no other addressed are available unless [he] conducts a skip trace." *Id.* Because there are ways for alternative addressed to be obtained, the Court finds that plaintiff has not yet shown "service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable."  However, as noted, below the Court grants plaintiff's request for additional time to attempt service as the Temecula address and conduct a skip trace to locate other potential service addresses.

Plaintiff identifies a Carmel, California address but states that personal service cannot be effectuated at the Carmel, California address because it is a "postal annex." ECF No. 25-1 at ¶ 3. Plaintiff seeks to complete service through certified mail at this address. There are concerns with this proposal. For example, even after supplemental briefing, plaintiff has not demonstrated that service at a "postal annex" is reasonably calculated to give a defendant notice about the pending action. *See* ECF No. 27. Plaintiff provides no further factual allegations other that the December 2024 service attempt that this remains an appropriate address where plaintiff would receive notice. There is no indication that

plaintiff still uses or has used this "post annex"/UPS store since the December 2024 attempt. Therefore, the Court cannot grant alternative service through certified mail at this time. Because plaintiff identifies the potential for alternative addresses, the Court does not address the reasonableness of email or text message service at this time.

Since plaintiff proposed that service at the Temecula address and a skip trace can be attempted, the Court will order that plaintiff attempt to do so. Plaintiff may refile the motion for alternative service if those efforts fail.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

Plaintiff has shown demonstrated good cause and excusable neglect to warrant an extension of time to serve defendant Murphy. Therefore, the Court grants plaintiff an extension of time to complete service on Murphy. Plaintiff has not shown impracticality of service at this time to warrant granting leave to serve defendant Murphy by alternative means.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to Extend Time and for Alterative Service* (ECF No. 25) is **GRANTED in and DENIED in part** as follows:

1. The Motion is **GRANTED** to the extent plaintiff seeks an extension of time to complete service. Plaintiff must file proof of service of no later than **September 8, 2025**.
2. The Motion is **DENIED without prejudice** to the extent plaintiff seeks to complete service at this time by alternative means.
3. Plaintiff is directed to attempt service at the identified Temecula, CA address and conduct a skip trace. Plaintiff may refile the motion for alternative service if those efforts fail.

DATED this 11th day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge