**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Xin Tao,

    Plaintiff

v.

Ryan Murphy, et al.,

    Defendants

Case No.: 2:25-cv-00149-JAD-MDC

**Order Directing Further Briefing**

[ECF No. 9]

Airbnb, Inc. moves to compel arbitration and asserts that, because of its delegation clause in its terms of service, an arbitrator must determine any threshold questions regarding arbitrability.[1] Xin Tao counters that his claims—that Airbnb allowed Tao's tenant to impermissibly rent out his property—do not arise out of the terms of service for his Airbnb account.[2] In *Henry Schein, Inc. v. Archer & White Sales, Inc.*, the United States Supreme Court held that the Federal Arbitration Act (FAA) requires courts to enforce valid delegation clauses, and an arbitrator must decide threshold questions of arbitrability when an arbitration agreement has such a clause.[3] Even if the argument for arbitrability is "wholly groundless," "a court may not override the contract" and "possesses no power to decide the arbitrability issue."[4] At the same time, however, Section 2 of the FAA states that an arbitration provision is "valid, irrevocable, and enforceable" if the "controversy . . . aris[es] out of such contract."[5] Based on

---

[1] ECF No. 9 at 8–10.

[2] ECF No. 17 at 1–4.

[3] *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65, 68 (2019).

[4] *Id.* at 68.

[5] 9 U.S.C. § 2; *Johnson v. Walmart Inc.*, 57 F.4th 677, 681 (9th Cir. 2023) ("Section 2 of the FAA requires arbitration of controversies that arise out of a contract containing a valid,

that language, one judge in the Ninth Circuit has theorized that "when the dispute is wholly unrelated to the contract . . . federal courts have no power to compel arbitration."[6]

Given the tension between *Schein* and Section 2's "arising out of" language, several courts, including the Ninth Circuit, have questioned whether delegation clauses are enforceable when the controversy does not "arise out of" the contract or lacks some sort of nexus or causal relationship to it.[7] As one California court summarized, "*Schein* expressly understood that [the FAA] requires enforcement of arbitration clauses with respect to disputes 'thereafter arising out of such contract,'" thus "[t]he FAA requires no enforcement of an arbitration provision" and any delegation clause "with respect to disputes unrelated to the contract in which the provision appears."[8] Still, other courts have held that threshold questions of arbitrability must go to an arbitrator if there is a delegation clause—even if the dispute does not arise out of the contract.[9]

---

enforceable arbitration provision."); *Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 119 (2d Cir. 2025) ("The FAA's scope is limited to 'agreements to arbitrate controversies that "arise out of" the parties' contractual relationship'—that is, controversies that were 'cause[d]' by the relationship.").

[6] *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 723–24 (9th Cir. 2020) (O'Scannlain, J., concurring) (citing David Horton, *Infinite Arbitration Clauses*, 168 U. Pa. L. Rev. 633, 678–83 (2020)); *Calderon v. Sixt Rent a Car, LLC*, 5 F.4th 1204, 1212–14 (11th Cir. 2021); *Davitashvili.*, 131 F.4th at 120 ("Grubhub's arbitration clause does not apply to Plaintiffs' antitrust claims against Grubhub because Plaintiffs' antitrust claims do not arise out of the Terms of Use."); *id.* at 121 (Myrna Pérez, J., concurring) ("[T]he panel agrees unanimously on the principle that Section 2 of the [FAA] applies only to contracting parties' agreements to arbitrate claims 'arising out of such contract or transaction' . . . one consequence of that principle is that the FAA does not countenance motions to compel arbitration of claims that lack a requisite 'nexus' to the contract containing the arbitration clause.").

[7] *See, e.g.*, *Moritz v. Universal City Studios LLC*, 268 Cal. Rptr. 3d 467, 475–76 (Cal. Ct. App. 2020); *see also Perez v. Discover Bank*, 74 F.4th 1003, 1011 (9th Cir. 2023) (citing *Moritz*, 268 Cal. Rptr. 3d 467) ("this case lacks what '*Schein* presupposes'—'a controversy thereafter arising out of a contract to arbitrate'") (cleaned up).

[8] *Moritz*, 268 Cal. Rptr. at 475–76; *see also Perez*, 74 F.4th at 1011; *Airbnb, Inc. v. Rice*, 518 P.3d 88, 93 (Nev. 2022) (Stiglich, J., dissenting).

[9] *Id.* at 91.

Because the parties did not address this tension between *Schein* and Section 2 of the FAA in their briefing, but further analysis of this issue is needed to resolve the motion to compel arbitration, IT IS ORDERED that the parties must file supplemental briefs addressing these three issues:

- Can arbitration be compelled if the controversy to be arbitrated does not arise out of the contract that contains the arbitration agreement?

- Under *Schein*, can a federal district court decide whether a controversy arises out of a contract for the purposes of Section 2 of the FAA if there is a valid delegation clause, or must an arbitrator decide?

- And what effect, if any, does the "arising out of" language of Section 2 of the FAA have on this case and the enforceability of the delegation clause?

Plaintiff's supplemental brief must be filed by Friday, October 3, 2025. Defendant Airbnb will then have until Friday, October 17, 2025, to file a supplemental responsive brief. No further briefing will be entertained. The supplemental briefs must not exceed 12 pages.

_____
U.S. District Judge Jennifer A. Dorsey
September 19, 2025