Andrew A. Bao, Esq.
Nevada State Bar No. 10508
ANDREW BAO & ASSOCIATES
8020 S. Rainbow Blvd., Ste 100-163
Las Vegas, NV 89139
Tel: (725) 204-9579
abao@abao.law

Attorneys for Plaintiff,
XIN TAO

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| XIN TAO, an individual<br><br>            Plaintiff;<br><br>    v.<br><br>RYAN MURPHY, an individual; AIRBNB, INC. a Delaware Corporation, DOES I through X, inclusive.<br><br>            Defendants. | CASE NO.   2:25-cv-00149-JAD-MDC<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPOPSITION TO AIRBNB'S MOTION TO COMPEL ARBITRATION** |

Plaintiff Xin Tao ("Plaintiff") by and through his counsel of record, hereby files this supplemental brief to address the three (3) issues set forth in the Court's September 19, 2025, Order (ECF No. 34).

**1. Can arbitration be compelled if the controversy to be arbitrated does not arise out of the contract that contains the arbitration agreement?**

Plaintiff respectfully submits, no.  The only disputes that can be arbitrated are those matters that the parties have agreed to arbitrate.  *See AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 351 (2011) [arbitration is a matter of contract].  Because arbitration is a matter of contract, "ordinary state law principles that govern the formation of contracts" applies.  *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995).

/ / /

1

1   To determine the threshold issue of whether an agreement to arbitrate even exists is thus one of contract formation. Accordingly, it is "always" the Court's role to determine if an agreement to arbitrate has been formed even if a delegation clause exists. *Suski v. Coinbase Inc.,* 55 F. 4th 1227, 1229 (9th Cir. 2022)[issues of contract formation may not be delegated to an arbitrator]; a*lso see Johnson v. Walmart, Inc., supra,* 57 F. 4th at 680-81[whether an agreement to arbitration has been made is the court's decision].

Further, there is at least one U.S. Supreme Court case that holds that a Court must find "clear and unmistakable" evidence that the parties agreed to arbitrate. *First Options of Chicago, Inc. v. Kaplan, supra,* 514 U.S. at 942. Only if a Court finds that this agreement to arbitrate existed between the parties in the first instance, only then does the Court liberally allow all issues to be decided by an arbitrator, including the scope and enforceability of a delegation clause. *Perez v. Discover Bank,* 74 F. 4th 1003, 1007 (9th Cir 2023).

The *Perez* case is instructive. In this case, in 2010 a consumer (Perez) signed an agreement to obtain a loan from Citibank. The agreement contained an arbitration provision for any claims arising from the loan and also contained an arbitration delegation clause. Discover Bank subsequently purchased or otherwise merged with Citibank to become the beneficiary of the loan in question. When a dispute arose in 2018 between the consumer and Discover Bank regarding a different loan, the consumer filed a lawsuit against Discover Bank. Discover Bank attempted to enforce the 2010 arbitration agreement. *Id. at* 1006-1007. The Ninth Circuit held the agreement to arbitrate did not apply because the consumer and Discover Bank never formed an agreement to arbitrate the claims relating to a different loan. *Id. at* 1011.

Similarly, here, in November 2016 Plaintiff signed an agreement with Airbnb as a guest. This agreement contained an arbitration provision. In August 2021, Plaintiff signed an agreement with Airbnb as a host. This agreement also contained an arbitration provision. In this lawsuit, Plaintiff does not allege any wrongdoing against Airbnb for Plaintiff's use of Airbnb's website as a guest or host. Rather, Plaintiff has asserted claims against Airbnb due to Defendant Ryan Murphy ("Murphy") illegally listing Plaintiff's parcel of real property on Airbnb's website as a host. The agreements to arbitrate between Plaintiff and Airbnb have no application or relevance to Defendant

3901136.1

1   Murphy illegally listing Plaintiff's property on Airbnb's website.

2   Given the applicable law and the facts herein, there is no meeting of the minds between
3   Plaintiff and Airbnb to arbitrate claims relating to Defendant Murphy's use of Airbnb. The Court
4   can decide that no enforceable contract to arbitrate the claims asserted in this action exists.

5   **2. Under *Schein*, can a federal district court decide whether a controversy arises out of a**
6   **contract for the purposes of Section 2 of the FAA if there is a valid delegation clause, or**
7   **must an arbitrator decide?**

8   This Court can decide. As the Court correctly points out, the holding in *Henry Schien, Inc. v.*
9   *Archer & White Sales, Inc.*, 586 U.S. 63, 67 (2019), is that even if a party makes a "wholly
10  groundless" argument to compel arbitration, a court may not override the contract and "decide the
11  arbitrability issue." *Id* at 68. In essence, the "wholly groundless" exception is stated as follows:
12  "even when the parties' contract delegates the threshold arbitrability question to an arbitrator,
13  [Courts] have determined that the court rather that an arbitrator should decide the threshold
14  arbitrability question if, under the contract, the argument for arbitration is 'wholly groundless.'" *Id*
15  at 68. The Supreme Court therefore held that the "wholly groundless" exception is inconsistent
16  with the FAA because it overrides the contract that was agreed to between the parties. *Id.*

17  Reading the case as a whole, the Supreme Court's concern is understandable: courts should
18  not create legal exceptions to analyze the scope of an arbitration clause when parties have agreed to
19  arbitrate and agreed to delegate this task to an arbitrator. Either an arbitration clause exists or it does
20  not; if it exists, Section 2 of the FAA requires the Court to enforce it and its terms. Thus, *Schein*
21  took away the Court's power to create exceptions to the enforceability of an arbitration clause. The
22  *Schein* decision stands for the proposition that *if* a contract exists between the parties which includes
23  an arbitration provision, a Court cannot then find that the arbitration provision is "wholly
24  groundless" and deny arbitration.

25  Here, Plaintiff is not arguing that Airbnb's position on arbitration is wholly groundless or
26  asking the Court to interpret the scope or applicability of an arbitration provision. Rather, Plaintiff is
27  arguing that between Airbnb and himself, *there is no enforceable contract to arbitrate* the claims
28  asserted in this lawsuit. In essence, the Court can and should decide the threshold legal issue

3901136.1

(whether an enforceable contract exists) before an arbitrator can decide the threshold question pursuant to the delegation clause (what claims are arbitrable).

The Court deciding that the parties do not have an enforceable contract does not run afoul of the *Schein* decision, Section 2 of the FAA or any valid delegation clause.

**3. And what effect, if any, does the arising out of language of Section 2 of the FAA have on this case and the enforceability of the delegation clause?**

Not much effect and if there is an effect, it is consistent with Plaintiff's position. Section 2 of the FAA states that courts must enforce an agreement to arbitrate if the "controversy…aris[es] out of said contract." 9 U.S.C. §2. Plaintiff respectfully submits that *if* is the key word here – *if* the Court finds the parties agreed to arbitrate the claims in this lawsuit, then the Court must enforce the arbitration provision in accordance with the FAA. The Court can deny arbitration by finding Plaintiff did not enter into an enforceable contract to arbitrate the claims asserted in this Complaint without invoking the mandate of 9 U.S.C. §2.

If the Court agrees with this legal principle, Airbnb's business records should affirmatively demonstrate that the real property at issue was not listed under Plaintiff's account, Airbnb user ID 104713994, for the time period alleged in the Complaint. Rather, for the time period alleged in the complaint when Defendant Murphy listed Plaintiff's property for rent on Airbnb's website (November 2021 through September 2023), Airbnb's records would reflect a different account listed the property for rent. This would be affirmative proof that Plaintiff's account, 104713994, was not the Airbnb account used to engage in the wrongful conduct alleged in the Complaint. Any agreement to arbitrate associated with Plaintiff's Airbnb account would therefore be irrelevant.

Airbnb carries the burden of proof, by a preponderance of evidence, that an agreement to arbitrate exists. a*lso see Johnson v. Walmart, Inc.,* 57 F. 4th 677, 81 (9th Cir. 2023)[whether an agreement to arbitration has been made is the court's decision]. Plaintiff submits that pursuant to the

/ / /

/ / /

/ / /

3901136.1

1 | opposition to the motion to compel and the supplemental briefing herein, Airbnb cannot carry its
2 | burden of proof that an agreement to arbitrate exists.
3 | DATED: October 2, 2025                    ANDREW BAO & ASSOCIATES

By:/s/ *Andrew A. Bao*
Andrew A. Bao, Esq.
Nevada Bar No. 10508
8020 S. Rainbow Blvd., Ste 100-163
Las Vegas, NV. 89139
Attorneys for Plaintiff

3901136.1

# CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I electronically filed/served the foregoing **PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF OPOPSITION TO AIRBNB'S MOTION TO COMPEL ARBITRATION** on all registered CM/ECF users by filing with it the United States District Court, District of Nevada's CM/ ECF filing system.

/s/ *Andrew Bao*
_____
Andrew Bao

3901136.1