UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Xin Tao,<br><br>              Plaintiff,<br><br>vs.<br><br>Ryan Murphy, *et al.*,<br><br>              Defendants. | Case No. 2:25-cv-00149-JAD-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXEND TIME AND FOR SERVICE BY ALTERNATIVE MEANS (ECF NO. 33)** |

Plaintiff filed a *Motion to Extend Time and for Service by Alternative Means* ("Motion") (ECF No. 33). The Court **GRANTS** the Motion regarding plaintiff's request for an extension of time to serve defendant Ryan Murphy ("Murphy") and plaintiff's request for alternative service by email to socalmurph@gmail.com and by text message to a phone number ending in 5562. The Court **DENIES** without prejudice the Motion regarding plaintiff's request for alternative service by certified mail to two UPS store addresses.

I.      **BACKGROUND**

This is a case removed from state court arising out of an alleged breach in a rental agreement *ECF No. 1-2*. Plaintiff filed a *Motion for Service by Publication or Alternative Means* (ECF No. 21) requesting an extension in time to properly serve to Murphy and requesting alternative service to Murphy by email or publication. The Court denied plaintiff's requested relief because plaintiff failed to show good cause and excusable neglect for an extension. *See ECF No. 24*. The Court also found that plaintiff failed to show that service by email or publication is reasonably calculated to give Murphy notice of the action. *Id.* Plaintiff refiled the motion seeking an extension of time to serve Murphy and alternative service to Murphy by email and certified mail. *ECF No. 25*. The Court granted plaintiff's request to extend time to serve Murphy but again denied plaintiff's request for alternative service. *ECF No. 31*. The Court ordered plaintiff to conduct a skip trace to locate and serve Murphy. *See id.* Plaintiff

1

did so. *See* ECF No. 33-6. Plaintiff now files this Motion as Murphy still has not been located and properly served.

## II. DISCUSSION

### a. General Legal Principles

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Nevada Rules of Civil Procedure (Nevada Rule) 4.4 governs methods of alternative service. It provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method. (2) A motion seeking an order for alternative service must: (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015).

1  The Ninth Circuit and the Nevada Rules permit service to be completed through email and
2  certified mail. *See* Nev. R. Civ. P. 4.4(d) ("In addition to any other service method, the court may order
3  a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to
4  a defendant using other methods of notice, including certified mail …email… or any other method of
5  communication.").

6  Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served
7  within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed.
8  R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the
9  time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service
10 under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated
11 that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to
12 reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct.
13 1638, 134 L. Ed. 2d 880 (1996).

14 **b.    Plaintiff Has Shown Good Cause For An Extension Of Time**

15 Plaintiff argues for a 60-day extension of time to attempt service on Murphy. *ECF No. 33* at 3.
16 Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and
17 Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of
18 counsel. *Townsel v. Contra costa Cnty., Cal*., 820 F.2d 319, 320 (9th Cir. 1987). The Court finds that
19 plaintiff has shown good cause for an extension of time. The Court finds that plaintiff has shown good
20 cause for an extension of time. Plaintiff's agent has attempted service at several addresses and plaintiff's
21 attorney communicated with Murphy via email. *ECF No. 33-1*. Plaintiff also complied with the Court's
22 Order (ECF No. 24) and found a physical address linked to Murphy through a skip trace. *Id.* Plaintiff's
23 agent unsuccessfully attempted personal service to that physical address. *Id.* (explaining that service was
24 "unsuccessful given the address was 'an Airbnb' and Defendant Murphy was not residing there."). With
25

good cause appearing, the Court grants plaintiff's request for a 60-day extension of time in order to properly serve Murphy.

### b. Plaintiff Has Shown That Service By Email To Socalmurph@gmail.com and By Text Message Is Proper

Plaintiff argues for alternative service to Murphy by email to socalmurph@gmail.com and by cell phone text message to a number ending in 5562. *See ECF No. 33* at 5; *see also ECF No. 33-1* at 2. The email and phone number were found in the skip trace. *ECF No. 33-6*.

As stated above, plaintiff has put forth evidence that he has attempted personal service at several addresses linked with Murphy through his agent and conducted a skip trace. *See ECF Nos. 33-1*; *33-2*; *33-3*; *33-4*; *33-5*; *33-6*; *33-7*. As plaintiff cannot find where Murphy currently resides despite his efforts and there is no applicable statute prescribing a specific method of service, the Court finds that service under Nevada Rules 4.2, 4.3, and 4.4(a) is impracticable here. *See PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2021 WL 5988539, at *2 (D. Nev. Dec. 16, 2021) (finding that service under Nevada Rules 4.1, 4.3, and 4.4(a) is impracticable when plaintiff attempted multiple times to serve defendant at defendant's last known address and attempted to communicate with defendant via email but does not know where defendant currently resides and no applicable statute prescribing a method of service exists). The Court additionally finds that plaintiff illustrated due diligence in attempting to locate Murphy based on the efforts above. *See* Nev. R. Civ. Pro. 4.4(b)(2)(A).

Plaintiff provides Murphy last known address found in the skip trace. *ECF No. 33-6* at 2. Plaintiff also provides an email addresses and a cell phone number found in the skip trace that Murphy used to communicate with plaintiff. *Id.*; *ECF Nos. 33-1* at 2. The Court therefore finds that plaintiff provides sufficient evidence of defendant's known, or last known, contact information.

Service by email to Socalmurph@gmail.com comports with due process. An alternative method of service comports with due process so long as it is "reasonably calculated, under all the circumstances,

to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Court has considerable discretion when determining whether alternative service should be permitted. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Here, plaintiff shows that Murphy used the email address as recently as January 15, 2025, to communicate with plaintiff and that this address was found in the skip trace. *ECF No. 33-3* at 2-3; *ECF No. 33-6*. In a Declaration, plaintiff's attorney also notes that he sent an email to Socalmurph@gmail.com on March 31, 2025. *ECF No. 33-1* at 2. While Murphy did not respond, plaintiff's attorney email did not get rejected or get returned as undelivered. *Id.* The Court finds that Murphy actively receives messages at this address. Therefore, plaintiff sufficiently demonstrates that serving Murphy by email to Socalmurph@gmail.com is reasonably calculated to give Murphy notice and an opportunity to respond. *See Fed. Trade Comm'n v. EMP Media, Inc.*, No. 2:18–cv–00035–APG–NJK, 2018 WL 664796, at *3 (D. Nev. February 1, 2018) (stating that service to email addresses was proper when defendant recently used those email addresses to communicate and receive information); *see also PlayUp*, 2021 WL 5988539, at *2 (granting service to an email address when plaintiff provided evidence that defendant recently used that email address to send and receive information and plaintiff showed that emails to that address did not get returned as undeliverable).

Service by text message to the phone number ending in 5562 also comports with due process. Plaintiff's attorney states that this phone number was used by defendant to message plaintiff shortly before the filing of this lawsuit in December 2024. *ECF No. 33-1* at 2. As stated above, this phone number was also identified in the skip trace. *ECF No. 33-6*. The Court finds that plaintiff actively receives messages at this number. Other courts have also approved the use of text messages to serve a defendant when plaintiff also plans to serve the defendant by email. *See Google LLC v. Does 1-3*, No. 23-cv-05823-VKD, 2023 WL 8851619 (N.D. Cal. December 23, 2023) (granting service by text to

phone numbers when plaintiff showed that defendants has used the phone numbers and plaintiff also plans to serve defendants by email); *see also United States v. Fleming*, No. 20-CV-1109, 2021 WL 1036075, at *1 (S.D. Ill. Mar. 11, 2021) (authorizing service by email and text message). Plaintiff sufficiently demonstrates that serving Murphy by text message to a phone number ending in 5562 is reasonably calculated to give Murphy notice and an opportunity to respond.

        **c.     Plaintiff Has Not Shown That Service By Certified Mail To Two UPS Store Addresses Comports With Due Process At This Time**

Plaintiff also argues for alternative service by certified mail to a Carmel, California address and a Temecula, California address. *ECF No. 33* at 5; *see also ECF Nos. 33-2, 33-5*. Plaintiff claims that these are "UPS Store addresses for Defendant Murphy[.]". *ECF No. 33*. There are concerns over this proposal. Plaintiff shows that personal service was unsuccessfully attempted at the Carmel, California address on December 2024 and at the Temecula, California address on August 2025. *ECF Nos. 33-2, 33-5*. However, plaintiff provides no further evidence that Murphy still uses or has used these UPS store addresses to receive mail and the Court finds none. *See ECF No. 31* at 5-6 (denying plaintiff's prior request for service by certified mail to the Carmel, California address because plaintiff only provided the unsuccessful December 2024 service attempt to show that Murphy uses that address to receive mail). Plaintiff has not sufficiently shown that service to these addresses is reasonably calculated to give Murphy notice and an opportunity to respond. Therefore, the Court cannot grant alternative service through certified mail to either UPS store address at this time.

**III.    CONCLUSION**

The Court grants the Motion regarding the plaintiff's requests for a 60-day extension of time and service by email and phone number. However, the Court denies without prejudice plaintiff's request for service by certified mail.

//

ACCORDINGLY,

IT IS ORDERED that:

1. The *Motion to Extend Time and for Service by Alternative Means* (ECF No. 33) is **GRANTED** regarding plaintiff's request for an extension of time to serve Murphy. Plaintiff must file proof of service by **December 29, 2025**.
2. The Motion is **GRANTED** regarding plaintiff's request for service by email to socalmurph@gmail.com and by text message to the phone number ending in 5562.
3. The Motion is **DENIED** without prejudice regarding plaintiff's request for service by certified mail to two UPS store addresses.

DATED: October 28, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file

written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.