**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Xin Tao, | Case No. 2:25-cv-00149-JAD-MDC |
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 44)** |
| Ryan Murphy, *et al.*, | |
| Defendants. | |

The Court has considered the *Joint Motion to Stay Discovery* ("Motion") (ECF No. 44). The Court **GRANTS** the Motion.

The Court finds staying discovery is appropriate in this case. Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.*

1

Defendant AIRBNB, Inc. has filed a *Motion to Dismiss* (ECF No. 10), where they argue that plaintiff has failed to state a cognizable claim. *See ECF No. 10*. Plaintiff and Defendant AIRBNB, Inc. agree that no further discovery is needed to resolve the Motion because it involves "pure questions of law." *ECF No. 44* at 4. The Court agrees. *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (upholding stay of discovery where appellant failed to find "any specific information obtainable through discovery that would have enabled appellants to state a federal cause of action" and where there "were no factual issues" in the underlying Motion to Dismiss). Defendant Ryan Murphy also did not oppose or respond to the Motion.[1] Therefore, the Court grants the Motion as defendant AIRBNB Inc.'s *Motion to Dismiss* (ECF No. 10) can be decided without further discovery and good cause exists.

For the foregoing reasons,

**IT IS ORDERED** that:

1. The *Joint Motion to Stay Discovery* (ECF No. 44) is **GRANTED.** Discovery and pretrial deadlines in this matter shall be stayed pending resolution of defendant AIRBNB Inc.'s *Motion to Dismiss* (ECF No. 10).

2. If the Court denies' defendant AIRBNB Inc.'s *Motion to Dismiss* (ECF No. 10), <u>within two weeks of the entry of the Court's order</u>, the parties shall meet and confer and file a stipulated discovery plan and scheduling order in conformity with LR 26-1.

DATED: January 20, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

---

[1] On January 12, 2026, the Clerk of Court entered an Entry of Default as to defendant Ryan Murphy because he has not responded to plaintiff's complaint after having been properly served on December 17, 2025. *ECF No. 46*.

2

# **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**