**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Xin Tao,

      Plaintiff

v.

Ryan Murphy, et al.,

      Defendants

Case No.: 2:25-cv-00149-JAD-MDC

**Order Granting in Part and Denying in Part Airbnb's Motion to Dismiss**

[ECF No. 10]

Xin Tao owns a home in Las Vegas, Nevada, that he leased to Ryan Murphy.  Although their long-term lease agreement prohibited Murphy from short-term subletting, Tao alleges that Murphy listed the home on Airbnb's short-term rental platform without his knowledge or consent and got Tao saddled with a hefty fine for violating the City of Las Vegas's short-term-rental laws.  So he sues Airbnb for unjust enrichment, violations of the Nevada Deceptive Trade Practices Act (NDTPA), and negligence per se based on that statute,[1] theorizing that Airbnb bears responsibility for not safeguarding against Murphy's unauthorized use of his property.[2]

Airbnb moves to dismiss Tao's claims, arguing that he fails to state a claim for unjust enrichment because he did not directly confer a benefit on Airbnb and the circumstances were not unjust.[3]  Airbnb also contends that Tao lacks statutory standing to bring a deceptive-trade-practices claim because he did not rely on Airbnb's misleading statements, and he didn't adequately plead the details of the purported fraud or that Airbnb knowingly violated the

---

[1] Tao also sues Murphy on additional theories, but Murphy has not appeared in this action.

[2] *See generally id.*

[3] ECF No. 10 at 5–6.

NDTPA.[4]  I find that Tao has pled a plausible unjust-enrichment claim but has failed to adequately plead that Airbnb knowingly violated the NDTPA, so I dismiss his deceptive-trade-practices and negligence per se claims with leave to amend by April 13, 2026.

**Discussion**

Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[5]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[6] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[7]  A complaint that fails to meet this standard must be dismissed.[8]

**A.    Airbnb has not shown that Tao's unjust-enrichment claim is inadequate.**

Airbnb moves to dismiss Tao's unjust-enrichment claim as insufficiently pled.[9]  "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof."[10]  Airbnb asserts that this claim fails for three reasons: Airbnb received no

---

[4] *Id.* at 6–9.

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[8] *Id.* at 570.

[9] ECF No. 10 at 5–6.

[10] *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (cleaned up).

benefit, Tao himself did not directly confer a benefit, and the circumstances here were not unjust or inequitable.[11]

Tao's allegations sufficiently show that Tao conferred a benefit on Airbnb under Nevada's expansive view of the benefit required for an unjust-enrichment claim. "Benefit in the unjust-enrichment context can include services beneficial to or at the request of the other, denotes any form of advantage, and is not confined to retention of money or property."[12] This definition is broad enough to encompass the use of Tao's property and the resulting "commissions, fees or other profits" that Airbnb gained from renting out the property.[13] Tao has thus sufficiently pled that Airbnb received a benefit to survive dismissal of this claim.

Airbnb's second argument also falls short. Airbnb theorizes that Tao's unjust-enrichment claim fails because it was Murphy, not Tao, who conferred any benefit because Tao and Airbnb had no relevant relationship.[14] In support of that theory, Airbnb cites to *Turkiye Ihrcat Kredi Bankasi, A.S. v. Nature's Bakery*, an unpublished decision in which a different judge in this district concluded that "Nevada does appear to require some 'direct relationship or dealings between the plaintiff and the defendant,' to justify an unjust enrichment claim."[15]

---

[11] ECF No. 10 at 5–6.

[12] *Certified Fire Prot. Inc.*, 283 P.3d at 257 (cleaned up).

[13] ECF No. 1-2 at 9.

[14] ECF No. 10 at 5–6.

[15] *Turkiye Ihrcat Kredi Bankasi, A.S. v. Nature's Bakery, LLC*, 2021 WL 1828112, at *2 (D. Nev. May 7, 2021). The *Turkiye* court ultimately based that proposition on *Zalk-Josephs Co. v. Wells Cargo, Inc.*, 366 P.2d 339, 342 (Nev. 1961), in which the Nevada Supreme court held—without much explanation—that a material supplier that supplied a subcontractor could not maintain an unjust-enrichment claim against the primary contractor because the primary contractor and the supplier had no previous dealings and there was no evidence that the prime contractor had been unjustly enriched. *Id.* Although Airbnb cites *Zalk-Josephs*, Airbnb does not connect the facts of *Zalk-Josephs* to the proposition that some direct relationship is required or

3

But *Turkiye* is not binding on this court, and both the Nevada Supreme Court and the Restatement (Third) of Restitution and Unjust Enrichment have seemingly recognized that such a claim may be founded on a benefit conferred indirectly or through a third-party.[16]  For example, in *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*,[17] a trust leased a hotel to the Danzig Corporation, which in turn contracted with a sign company to install a new sign on the hotel to be paid off in installments.[18]  Danzig eventually defaulted on both the lease and the sign contract, and the sign company's successor-in-interest sued the trust, claiming that it had been unjustly enriched by the sign's value.[19]  The Nevada Supreme Court allowed the case to go forward despite the trust and the sign company having no prior relationship.[20]  So it appears that, under Nevada law, the indirect route the benefit took to Airbnb may be sufficient to state an unjust-enrichment claim.

In its final theory, Airbnb contends that the allegations on which Tao basis his unjust-enrichment claim don't show unjust or inequitable circumstances.[21]  It argues that it had nothing

---

explain how intervening precedent in the last sixty years from the Nevada Supreme Court has not altered that purported holding.

[16] *See Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 183 (Nev. 1997); *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992) ("Thus, the proceeds used to postpone foreclosure and improve the ranch at least indirectly benefited the [the defendants] and may have directly benefited them.");  Restatement (Third) of Restitution and Unjust Enrichment §§ 47–48 (2011) ("If a third person makes a payment to the defendant in respect of an asset belonging to the claimant, the claimant is entitled to restitution from the defendant as necessary to prevent unjust enrichment."); *Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nev. Sys. of Higher Educ.*, 492 P.3d 540, 543 (Nev. 2021) ("Nevada jurisprudence relies on the First and Third Restatements of Restitution and Unjust Enrichment for guidance.").

[17] *Leasepartners*, 942 P.2d at 183.

[18] *Id* at 183–84.

[19] *Id.* at 185.

[20] *Id.* at 186–87.

[21] ECF No. 10 at 5–6.

to do with Murphy and Tao's lease, and the bare fact that Airbnb retained money here does not show unjust or inequitable circumstances.  As support for its argument, Airbnb relies on another case from this district, *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*[22]

But the unjust-enrichment claim in *WMCV Phase 3* got dismissed because the plaintiff failed to allege that the plaintiff had conferred any benefit at all, not because that situation failed to show unjust circumstances.[23]  And the Nevada Supreme Court has recognized that "an enrichment [may] be inequitable to retain" if "the person conferring the benefit [has] a reasonable expectation of payment and the circumstances are such that equity and good conscience require payment for the conferred benefit."[24]  While Tao claims to be unaware that Murphy listed his property, it is reasonable that he would expect compensation for the use of his property or reimbursement of the fine that Airbnb and Murphy's conduct allegedly caused him to incur.[25]  Airbnb has not shown that Tao's claims and the surrounding circumstances don't plausibly warrant restitution.

Nor does Airbnb's claim of ignorance make the circumstances necessarily just.  The Nevada Supreme Court has observed that "[t]he purpose of quasi-contractual relief is to do justice to the parties regardless of their intention."[26]  And the Nevada Court of Appeals has noted that "[t]he polestar of the unjust enrichment inquiry is whether the defendant has been unjustly

---

[22] *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1197 (D. Nev. 2010); ECF No. 10 at 5–6; ECF No. 23 at 4.

[23] *WMCV Phase 3*, 750 F. Supp. 2d at 1196–97.

[24] *Korte Constr. Co.*, 492 P.3d at 544.

[25] *See* ECF No. 1-2 at 9–10.

[26] *Unionamerica Mortg. & Equity Tr. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981).

5

enriched; the intent of the parties is irrelevant."[27]  So I deny Airbnb's motion to dismiss Tao's unjust-enrichment claim.

**B.      Tao's deceptive-trade-practices and negligence per se claims fail because Tao did not adequately plead that Airbnb knowingly violated the NDTPA.**

On the other hand, Tao has failed to adequately plead either of his two NDTPA-based claims.  A claim under the NDTPA requires a "victim of consumer fraud to prove that (1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff."[28]  Consumer fraud encompasses deceptive trade practices,[29] which include "knowingly" making false statements, misrepresenting the source of services, passing off services as those of another person,[30] conducting a business without a license, failing to disclose material facts, and violating state or federal laws.[31]  A defendant acts knowingly if it "is aware that the facts exist that constitute the act or omission."[32]

---

[27] *USROF III Legal Title Tr. 2015-1 by U.S. Bank Nat'l Ass'n v. Las Vegas Rental & Repair LLC Series 66*, 475 P.3d 780, at *3 (Nev. App. 2020) (unpublished) (quoting *Limbach Co. v. City of Phila.*, 905 A.2d 567, 577 (Pa. Commw. Ct. 2006)) ("Rather, the law of unjust enrichment . . . focuses on the mere fact of a conferred benefit and whether the plaintiff ought to be reimbursed in equity."); *see also Wynn Las Vegas, LLC v. Tofani*, 133 Nev. 1095, at *6 n.7 (Nev. App. 2017) (unpublished) (Tao, J., concurring) ("An equitable claim like unjust enrichment requires no proof whatsoever of intent or state of mind; it's a strict liability claim based solely on notions of equity.").

[28] *Sattari v. Wash. Mut.*, 475 Fed. Appx. 648, 648 (9th Cir. 2011) (unpublished) (quoting *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009)).  These elements are "the probable interpretation" of the NDTPA consistently applied by district court judges as "the Nevada Supreme Court has not specified the elements of an NDTPA claim."  *Elko, Inc. v. WTH Com. Servs., LLC*, 2023 WL 6141623, at *9 (D. Nev. Sept. 20, 2023).

[29] Nev. Rev. Stat. § 41.600(2)(e).

[30] Nev. Rev. Stat. § 598.0915(1), (2), (15).

[31] Nev. Rev. Stat. § 598.0923(1)(a)–(c).

[32] *Poole v. Nev. Auto Dealership Invs., LLC*, 449 P.3d 479, 483 (Nev. App. 2019).

6

Tao's deceptive-trade-practice claim alleges that Airbnb engaged in deceptive trade practices because the 2022 and 2023 listing of his property on its platform misrepresented the ownership of and the authorization to rent Tao's property.[33] Tao theorizes that Airbnb knowingly violated the statute because it was generally aware that tenants have posted their landlords' properties before, so "it knowingly [allowed Murphy] to unlawfully rent out [Tao's property]."[34] Tao's negligence per se claim relatedly alleges that Airbnb's violation of the NDTPA constitutes negligence per se.[35] Airbnb moves to dismiss these claims, theorizing that Tao did not plead the fraud with particularity, that Tao lacks statutory standing for this claim, and that he failed to plead facts sufficient to show a knowing violation.[36]

### 1. Tao's allegations meet FRCP 9(b) particularity.

"Deceptive trade practices claims must . . . be [pled] with Rule 9(b) particularity."[37] Federal Rule of Civil Procedure 9(b) requires a "party [to] state with particularity the circumstances constituting fraud or mistake" in an action "alleging fraud or mistake." Meeting that level of specificity generally requires pleading "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" and "what is false or misleading about the purportedly fraudulent statement,

---

[33] ECF No. 1-2 at 10–11.

[34] *Id.*

[35] *Id.* at 11.

[36] ECF No. 10 at 6–9.

[37] *Partie v. Ethicon, Inc.*, 609 F. Supp. 3d 1127, 1135 (D. Nev. 2022) (noting that Rule 9(b) applies to deceptive-practices claims); *Davenport v. GMAC Mortg.*, 129 Nev. 1109 (2013) (noting that state counterpart to Rule 9(b) applies to deceptive-practices claims).

and why it is false."[38]  In other words, "Rule 9(b) requires a party to state . . . the who, what, when, where, and how of" the alleged fraud.[39]  "[M]ere conclusory allegations of fraud are insufficient."[40]

Although the allegations are thin, they are sufficiently particular.  Tao identifies the time, place, and content of the supposedly false representations, along with why these representations are false.  He alleges that Airbnb hosted a misleading listing of his property on its app from approximately 2022 to 2023.[41]  The post misstated the address of the home and made it appear that Airbnb had authority to rent the property to its users.[42]  Tao also alleges that Airbnb was listing the property without an appropriate license.[43]  I thus find that Tao pled fraud and these deceptive practices with sufficient particularity.

### 2.    Tao has standing to bring this claim.

Airbnb asserts that Tao lacks statutory standing because he did not rely on Airbnb's statements.[44]  Some courts in this district have held that reliance is necessary to show causation and thus standing under the statute.[45]  But neither the Nevada Supreme Court nor the Ninth

---

[38] *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) and *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)) (cleaned up).

[39] *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citing *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)) (cleaned up).

[40] *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

[41] *See* ECF No. 1-2 at 3–10.

[42] *Id.*

[43] *Id.* at 7–8.

[44] ECF No. 10 at 8–9.

[45] *See, e.g.*, *Cannuscio v. GEICO Advantage Ins. Co.*, 2022 WL 22881849, at *5 (D. Nev. Dec. 13, 2022) ("To establish 'causation,' a plaintiff must allege that it relied on a material misrepresentation that caused the harm.").  But not all district courts have imposed such a requirement.  *See Sky L. Grp. v. Paul Padda L.*, 2024 WL 3792717, at *3 (D. Nev. Aug. 12,

Circuit has interpreted standing for this claim so narrowly.[46]  The Nevada Supreme Court recognized in *R.J. Reynolds Tobacco Co. v. Eighth Judicial District Court* that "a 'victim' is any person who can show he or she was directly harmed by consumer fraud,"[47] so a victim of consumer fraud doesn't need to have purchased the defendant's goods or services.[48]  Tao claims that Airbnb's purportedly deceptive practice—listing his unlicensed property and misrepresenting the property's ownership and its authorization to rent—directly harmed him by saddling him with a fine.[49]  Airbnb contends that *R.J. Reynolds Tobacco Co.* doesn't displace the need for reliance because the plaintiff in that case still relied on the defendants' misrepresentations to prove standing.[50]

While reliance seems to satisfy this requirement, it does not appear that the Nevada Supreme Court has required reliance for every NDTPA claim.[51]  For example, the *R.J. Reynolds Tobacco* court recognized that business competitors had standing to sue under this statute even if they themselves did not rely on the false statements,[52] when it cited with approval *Southern*

---

2024) ("This direct harm standard, when considered with the elements of the underlying offense, requires the claimant to show a minimal causal connection between the deceptive trade practice and the alleged harm to have standing to bring a claim."); *see also Guerra v. Dematic Corp*, 2020 WL 8831583, at *2 (D. Nev. Sept. 9, 2020) ("The Nevada Supreme Court has yet to define the elements of a claim brought under the NDTPA, 'including whether causation and reliance are required.'").

[46] *See Del Webb Cmtys., Inc. v. Partington*, 652 F.3d 1145, 1152 (9th Cir. 2011); *see also R.J. Reynolds Tobacco Co. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 514 P.3d 425, 433 (Nev. 2022).

[47] *R.J. Reynolds Tobacco Co.*, 514 P.3d at 433.

[48] *Id.*

[49] ECF No. 18 at 3–5.

[50] ECF No. 23 at 6–7.

[51] *See R.J. Reynolds Tobacco Co.*, 514 P.3d at 430.

[52] *See id.* at 433 ("Under NRS 41.600(1), a "victim" is any person who can show he or she was directly harmed by consumer fraud.  There is no product-use requirement—a "victim" can be a

9

*Service Corp. v. Excel Bldg. Services, Inc.*[53] In that case, another judge in this district found that a business competitor had standing to bring a deceptive-trade-practices claim when its competitor made false representations in its bids to third-party companies to "underbid [the plaintiff] on several contracts awarding cleaning services to large hotels."[54] So I find that the NDTPA does not impose a strict-reliance requirement. And while Tao does not allege that he relied on the false statements, he does allege that Airbnb's deceptive practices and the resulting fine directly harmed him. I thus hold that Tao has sufficiently alleged facts to establish causation and standing for this claim.

### 3.  *Tao failed to adequately plead a knowing violation.*

But Tao's pleading of these claims falls short at the "knowing" element. While scienter may be alleged generally,[55] merely pleading that Airbnb "knowingly" misrepresented the property's ownership does not meet federal pleading standards because that allegation is a legal conclusion. Tao must instead allege facts to support a plausible inference that Airbnb knew that Tao owned the property and Airbnb knowingly misrepresented that.[56] His only allegation that supports this inference is that Airbnb is generally aware that tenants have posted their landlord's property without permission before.[57] But that general awareness, if true, does not lead to the

---

consumer, a business competitor, or as applicable here, "any person" who suffered harm from the defendant's consumer fraud.").

[53] *Id.* at 430 (citing *S. Serv. Corp. v. Excel Bldg. Servs., Inc.*, 617 F. Supp. 2d 1097, 1099, 1100 (D. Nev. 2007)).

[54] *S. Serv. Corp.*, 617 F. Supp. 2d at 1098–1100.

[55] *United States v. Corinthian Colleges*, 655 F.3d 984, 996 (9th Cir. 2011).

[56] *Id.* at 997 ("It does not, however, clearly allege sufficient facts to support an inference or render plausible that Corinthian acted while knowing that its Compensation Program fell outside of the Safe Harbor Provision on which it was entitled to rely.").

[57] ECF No. 1-2 at 10–11.

inference that Airbnb knew Murphy did not own this specific property.  So I find that Tao has failed to plead an NDTPA violation, and that Tao thus failed to sufficiently plead a NDTPA or negligence per se claim.

**4.      *Tao has leave to amend his NDTPA-based claims.***

Tao requests leave to amend his complaint to add more detail to these claims.[58]  Airbnb opposes that request as futile.[59]  Although I am skeptical that Tao can allege facts sufficient to support an inference of scienter on this record, the bar to do so is not particularly high,[60] plus plaintiffs are usually afforded at least one chance to amend their complaint.[61]  So I grant Tao leave to amend his NDTPA and negligence per se claims.[62]

**Conclusion**

IT IS THEREFORE ORDERED that Airbnb's motion to dismiss **[ECF No. 10] is GRANTED in part and DENIED in part**.  Tao's second and third claims for relief are **DISMISSED** without prejudice and with leave to amend by April 13, 2026.  If Tao does not file an amended complaint by this deadline, this case will proceed on his unjust-enrichment claim alone.

_____
U.S. District Judge Jennifer A. Dorsey
March 23, 2026

---

[58] ECF No. 18 at 5.

[59] ECF No. 10 at 10–11.

[60] *Corinthian Colleges*, 655 F.3d at 996.

[61] *Bertucelli v. Carreras*, 467 F.2d 214, 216 (9th Cir. 1972).

[62] In his response, Tao raises for the first time negligence per se claims based on Las Vegas Municipal Code §§ 6.75.128(b) and 6.75.020(C), along with NRS § 244.1545.  ECF No. 18 at 4. These ordinances and statutes are not mentioned in his complaint, and Tao has not specifically moved to amend to add those new theories or developed them.  So I do not grant to amend to add those theories at this time.